IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHIRLEY AMERSON,

    Plaintiff,

v.                                                       Case No. 20-2050

VOLVO GROUP NORTH AMERICA, LLC
a Foreign Limited Liability Company,          **JURY DEMANDED**

    Defendant.

## COMPLAINT

COMES NOW Shirley Amerson ("Plaintiff") and brings this action against her employer, Volvo Group North America, LLC ("Defendant") for racial discrimination in violation of 42 U.S.C. § 1981 and for FMLA interference and retaliation in violation of the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"). In support, Plaintiff would state as follows:

### I. PARTIES

1. Plaintiff Shirley Amerson is a 51-year-old African American female resident of Memphis, Tennessee.

2. Volvo Group North America, LLC is a foreign limited liability corporation, operating in several location including at 100 Gateway Global Drive in Byhalia, Mississippi 38611 where it operates its Central Distribution Center. Defendant's principal office is located at 7900 National Service Road, Greensboro, North Carolina 27409.

3. Pursuant to 29 U.S.C. § 2611(4)(A)(i), Defendant is an "employer" as the term is defined under the FMLA because Volvo is engaged in commerce or an industry or activity

affecting commerce and has employed more than fifty (50) employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

4. Plaintiff is protected by the FMLA because: (a) she worked in excess of 1,250 hours preceding her request for FMLA leave; (b) she suffered from a serious health condition or chronic serious health condition as defined by the FMLA; (c) she worked at Defendant's facility which employed 50 or more employees within a 75 mile radius in 20 or more workweeks; and (d) she requested and sought FMLA.

## II. JURISDICTION

5. The Court has original jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331 as they arise under the FMLA and 42 U.S.C. § 1981.

6. Venue is proper because Defendant conducts substantial business in Shelby County, Tennessee including but not limited to the regular and continuous recruitment of prospective employees from Shelby County. Further, Plaintiff lives in Shelby County, Tennessee.

## III. STATEMENT OF FACTS

7. Mrs. Amerson was hired as a contractor in May 2018 to perform as an Administrative Assistant to the Director at its Volvo distribution center located at 100 Gateway Global Drive in Byhalia, Mississippi. On December 3, 2018, Defendant hired Plaintiff as a Volvo full-time salary employee assigned as Administrative Assistant to the Plant Director, Brad Bossence.

8. As Administrative Assistant Plaintiff's job consisted primarily of administrative duties including the following:

- Provided Administrative Support to Director of Byhalia facility
- Communicated with managers concerning confidential information orders given by Director
- Schedule and coordinate meetings, travel and other group activities

- Communicate updated information as needed from Director
- Assist with drills making sure safety was first priority
- Communicated with Vendors
- Scheduled and planned Executive events such as dinners, or activities relating to Executive levels
- Updated Departmental Organization Chart when requested
- Sent updated information to Senior Vice President Administrative assistant as needed
- Maintained schedule when all conference rooms needed to be booked
- Attended and documented meeting that was held for managers
- Trained or assisted managers/newly hired employees when needed
- Booked travel for managers when needed
- Completed Expense reports for department
- Reconcile Reports into confidential access system known as Chrome River (when director travels this is the system use to track expenses)
- Book travel & Hotel for Director when needed
- Order Supplies for Department
- Add visitors to system called visitor
- Approve access for managers for certain computer programs
- Monitor and have meetings as needed with 3rd party cleaning service
- Order Volvo Apparels for all fulltime employees
- Coordinate and set up Executive housing for workers coming to provide support during Red Card periods.
- Assisted Managers and Supervisors when needed

9. Throughout her employment, Plaintiff was a committed and dedicated worker who performed to Defendant's satisfaction.

10. In October 2019, Plaintiff complained to Defendant's Labor Relations Manager that she was being bullied and threatened by Director Brad Bossence. Subsequent to the informal complaint, Mr. Bossence escalated the harassment. As a result of the increased harassment, Plaintiff filed a formal verbal complaint in November 2019 with Lee Isabel, Manager of Labor Relations who documented the complaint.

11. Mr. Isabel again talked to Brad Bossence advising him not to approach Plaintiff with any issue, but to first discuss the concerns with Labor Relations and let Mr. Isabel handle the situation. Mr. Bossence ignored the advice and continued to harass Plaintiff questioning her about

things for which she had no knowledge and accusing her of keeping secrets from him. The harassment created tremendous stress for Plaintiff.

12. On November 20, 2019, Plaintiff's doctor diagnosed her with an acute stress reaction resulting in depressed mood, headaches, anxiety, and hypertension and recommended that she take some time off from work. As a result, Plaintiff exercised her rights under the FMLA and took leave from November 22, 2019 through December 9, 2019. Mrs. Amerson was an "eligible employee" as the term is defined under the FMLA since she was employed by Defendant for more than one year and had worked more than 1,250 hours within the previous twelve (12) months.

13. Thereafter, Mrs. Amerson returned to work on December 13, 2019 and was told to report to Human Resources for a meeting. During the meeting, she was informed she would no longer report to Mr. Bossence because he did not trust her and no longer wanted Plaintiff as his administrative assistant. She was then assigned to the front reception area greeting visitors and answering the phone. These duties were not a part of her usual job description. The reception position is not equivalent to the administrative assistant position nor was it a full-time Volvo position.

14, The FMLA requires an employee who exercise FMLA right to be returned to the previous job or an equivalent position. According to 29 CFR § 825.215 (a) an "equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority."  Likewise, according to Volvo FMLA Policy, signed by Plaintiff, she was supposed to return to her regular position or equivalent position.

15. The receptionist position is not equivalent to Administrative Assistant to the Director. The receptionist position does not involve virtually identical working conditions, privileges, perquisites and status.

16. When Plaintiff was informed that she was transferred to the receptionist position, there were two positions available in the center's human resources department. Plaintiff asked Mr. Isabel about being transferred to one of those positions. Plaintiff has more than seven years' experience working in various human resource positions. She was told that was not possible because Mr. Bossence did not want her to fill either available position.

17. Mr. Bossence is a white male. As Plant Director, Mr. Bossence has begun to replace African American employees with white and Hispanic workers. Plaintiff was replaced as administrative assistant by Dawn Waldrop, a Caucasian female. Ms. Waldrop was a third-party contract employee of Defendant when Mr. Bossence made her his administrative assistant.

18. After being placed at the plant receptionist position, Ms. Amerson was denied log in for certain programs that she had access to before for no apparent reason. Mrs. Amerson asked IT employee why she no longer had access and his remark was "He has to get authorization from Brad." Mrs. Amerson also stated that the IT employee transferred her information from her laptop to his personal jump drive; which Mrs. Amerson feels that this was not the proper procedure because confidential information for Brad Bossense was saved on her personal laptop. Mrs. Amerson also received several texts and calls from employees asking her for her personal password in order for them to have access to her laptop, but according to Volvo "Code of Conduct" policy that was signed by Mrs. Amerson giving out your password is a violation of company policy. While she worked in the front reception area, an employee of the Defendant's security department continuously sat in the reception area watching her. These actions made Plaintiff

uncomfortable, so she went to HR and complained about the working conditions. After no action was taken by HR, Plaintiff became unfocused, more stressed with elevated blood pressure.

19. As a result, Plaintiff exercised her rights under the FMLA and has taken leave from December 20, 2019 through February 3, 2020.

## IV. CAUSES OF ACTION

20. Defendant's above actions have caused Plaintiff loss in income and have caused her worry, anxiety, financial distress, humiliation, embarrassment as well as damage to reputation. Defendant has also made slanderous remarks to other employees about Plaintiff's health condition.

21. Defendant's actions were not simple negligence but intentional, purposeful and/or reckless decisions to discriminate against Plaintiff based on her race and in retaliation for her having taken FMLA leave.

## V. CAUSES OF ACTION UNDER THE 42 U.S.C. § 1981

22. Plaintiff repeats and incorporates by reference the allegations contained in the paragraphs above.

23. Plaintiff has suffered from Defendant's discriminatory treatment based on her race.

## VI. CAUSES OF ACTION UNDER THE FMLA

25. Plaintiff repeats and incorporates by reference the allegations contained in the paragraphs above.

26. Plaintiff was entitled and eligible to take leave under the FMLA to recover from a serious illness and/or injury.

27. The actions of Defendant violated 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

## VII. PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff prays for the following relief:

29. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including but not limited to back pay and front pay, plus pre-judgment interest;

30. That Plaintiff be awarded any additional actual monetary loss sustained as a result of Defendant's actions;

31. That Plaintiff be awarded compensatory damages for emotional harm, pain and suffering, humiliation, embarrassment; and damage to reputation;

32. That Plaintiff be awarded punitive damages for Defendant's reckless disregard of Plaintiff's rights under the 42 U.S.C. § 1981;

34. That this Court award Plaintiff reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees, as provided by 42 U.S.C. § 1988 and the FMLA; and

35. Plaintiff further seeks any and all other general, equitable and/or monetary relief as deemed just by the Court.

Respectfully submitted,

/s/Bryce W. Ashby
Donald A. Donati – TN Bar #8633
Bryce W. Ashby – TN Bar #26179
Janelle A. Crandall – TN Bar #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
don@donatilaw.com
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF